IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 3:25-CV-1103 |
| v. § | |
| § | Jury Trial Demanded |
| CHARLES E. CARRIER AND C&C § | |
| RESIDENTIAL PROPERTIES, INC., § | |
| § | |
| *Defendants.* § | |

# COMPLAINT

Plaintiff HomeVestors of America, Inc. ("HomeVestors"), the We Buy Ugly Houses® people, files this Complaint against Defendants and former franchisee Charles E. Carrier and C&C Residential Properties, Inc. for trademark infringement, false designation of origin, unfair competition, and breach of contract based on their continued use of HomeVestors's name and trademarks after Defendants' franchise was terminated on October 24, 2024.

## PARTIES

1. Plaintiff HomeVestors is a Delaware corporation with its principal place of business in Dallas, Texas.

2. Defendant Charles E. Carrier ("Carrier") is an individual who resides in Dallas, County, Texas.

3. Defendant C&C Residential Properties, Inc. ("C&C") is a Texas corporation whose registered office is located in Dallas County, and may be served with process by serving its registered agent for service of process, Charles E. Carrier, in Dallas County.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement, false designation of origin, and unfair competition arising under 15 U.S.C. §§ 1114 and 1125. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367.

5. Defendants are subject to personal jurisdiction in this District and venue is proper in this District because Defendant Carrier resides in Dallas County, Texas, and Defendant C&C's registered office is located in Dallas County, Texas. In addition, Defendants have consented to personal jurisdiction and venue in this District per section 21.I of the franchise agreement with HomeVestors.

## FACTUAL BACKGROUND

**A. Defendants' Franchise Agreement**

6. Carrier executed a HomeVestors franchise agreement through his entity, Carrier Investment Properties, Inc., on December 2, 2005.

7. The resulting franchise, and its rights and obligations under the 2005 Franchise Agreement, was transferred to C&C on September 28, 2007.

8. At the time of the termination of the franchise on October 24, 2024, C&C was operating under a renewal franchise agreement dated February 4, 2022 (the "Franchise Agreement"). *See* Ex. A, Franchise Agreement.

9. Carrier is the sole owner of C&C.

B.      **Defendants' Default and Termination of Defendants' Franchise Agreements**

10.     On Sunday, October 20, 2024, HomeVestors received an anonymous tip through its EthicsPoint Hotline that Carrier was engaged in potentially fraudulent activity.

11.     HomeVestors contacted Carrier who admitted that he and C&C had entered into debts that they could not pay and were insolvent.

12.     On October 24, 2024, HomeVestors sent a letter notifying Carrier and C&C of the termination of all of Carrier's HomeVestors franchise agreements, including the Franchise Agreement. *See* Ex. B, Termination Letter.

13.     The Termination Letter informed Defendants of their defaults under the Franchise Agreement:

> [HomeVestors] is exercising its right to immediately terminate the Franchise Agreements due to your default of those agreements as detailed below.
>
> Under Section 18.C.(14) of the Franchise Agreements, you are in default of the Franchise Agreement if "[w]e reasonably believe that the prospect of payment of any indebtedness to us or third parties, or the performance of your obligations under this Agreement, is impaired…"
>
> Under Section 18.C.(12) of the Franchise Agreements, you are in default of the Franchise Agreement if "You or any of your owners … engages in conduct that, in our sole judgment, materially impairs the goodwill association with the Licensed Marks."
>
> Because of Mr. Carrier's recent admissions, HVA has a reasonable belief that payment of your indebtedness to HVA and third parties is impaired and/or impossible, and that such indebtedness has materially impaired the goodwill associated with its Licensed Marks and otherwise constitutes defaults under the above-referenced provisions. **Accordingly, we hereby notify you that the Franchise Agreements are terminated effective as of the date of this letter**.

*Id.* at 2.

14.     HomeVestors then contacted federal law enforcement and reported Carrier's admissions regarding his activities.

15. HomeVestors has continued cooperating with federal law enforcement.

16. Section 20.C of the Franchise Agreement requires Carrier and C&C to notify HomeVestors of any claims arising out of the operation of C&C's HomeVestors Franchise and indemnify HomeVestors for any losses HomeVestors incurs in any such litigation. *See* Ex. A.

17. On information and belief, starting in late 2024, Defendants were notified by third parties of various claims against them arising out of their operations.

18. Carrier and C&C have failed to notify HomeVestors of these claims.

19. Although HomeVestors has no involvement in Defendants' alleged bad acts, HomeVestors has been sued in several lawsuits arising from Defendants' misconduct.

20. Carrier and C&C have failed to indemnify HomeVestors for the losses associated with those lawsuits.

C. **HomeVestors' Intellectual Property Rights**

21. HomeVestors is the largest homebuyer in the United States. Since its founding in 1996, HomeVestors' network of around 1,000 independently owned and operated franchises have purchased over 150,000 homes throughout the United States. HomeVestors' franchisees, who are located in 47 states and the District of Columbia, build businesses based on buying, rehabbing, selling, and holding residential properties.

22. Known as the We Buy Ugly Houses® people, HomeVestors strives to make a positive impact in each of its over 175 markets. In January 2025, HomeVestors was ranked on Entrepreneur's annual Franchise 500 list. HomeVestors was listed on the 2021 Inc. 5000, and has been listed on the prestigious Franchise Business Review's List of Top Franchises 11 times. In 2020, Franchise Times ranked HomeVestors 94th on its Top 200 Franchise Chains by Worldwide

Sales. HomeVestors recently received a Top Overall Franchise Award from FranchiseHelp, the world's largest independent information resource for prospective franchisees.

23. HomeVestors is the owner of multiple United States Trademarks for HOMEVESTORS and related marks, including, but not limited to, Registration Nos. 2,894,974; 5,086,770; 2,721,129; 2,402,260; 5,877,669; 5,569,849; 5,135,417; 2,761,385; and 5,135,416 (collectively, the "HomeVestors Marks"). A copy of the USPTO Registrations for the HomeVestors Marks that Defendants are infringing upon are attached as Ex. C.

24. HomeVestors and its franchisees invest significant amounts of time, money, and energy into promoting HomeVestors' services under the HomeVestors Marks.

25. Only HomeVestors and its independently owned and operated licensed franchisees have the right to use the HomeVestors Marks.

26. As a result of the extensive advertising and sales, the HomeVestors Marks enjoy significant goodwill among relevant consumers.

D.     **Defendants' Wrongful Acts Regarding HomeVestors' Intellectual Property**

27. Defendants are no longer HomeVestors franchisees, nor do they have any current affiliation with HomeVestors. Consequently, Defendants are not permitted to use any of the HomeVestors Marks to promote their real estate services, or to claim an affiliation with HomeVestors.

28. Through their false statements, Defendants are misrepresenting themselves as a HomeVestors franchisee and/or being associated with HomeVestors.

29. Defendants are also direct competitors with HomeVestors in the buying and selling of houses.

30. Defendants have improperly used and continue to use the HomeVestors Marks in connection with their real estate services, including on their website at https://candcresidential.com/ as depicted below from the home page:

**WHO WE ARE?**

## We offer Residential Real Estate Solutions.

C&C Residential is one of DFW's leading real estate investment companies and of ==the largest and most successful HomeVestors franchises in the United States.== We are a private real estate investment company that specializes in acquiring residential real estate throughout the Greater Dallas Area. We also have offices in Nashville TN and Chattanooga TN.

31. Defendants are specifically holding themselves out as a current HomeVestors franchisee as seen below from the "About" page of their website at https://candcresidential.com/about/:

**CHAS CARRIER**
President of C&C Residential Properties,
==A HomeVestors Franchise==

Charles (Chas) Carrier has been a full-time real estate investor for fifteen years, and his company has bought and sold over two thousand properties. ==He is currently the largest HomeVestors franchise in the country== based on both buying volume and sales volume, and has been the top volume franchisee in seven of the last ten years. He has been named "Franchisee of the Year" multiple times. Before founding C&C Residential Properties, Chas was President and CEO of Getinge USA, a $250 million medical equipment company. He also served as President of both PrimeSource Foodservice Equipment and AmeriServe Worldwide Restaurant Equipment. Prior to leading these companies, Chas was a senior executive with PepsiCo, Inc. and an analyst with Goldman Sachs & Co. He has an engineering degree from Penn State University and an MBA from the Wharton School.

32. Defendants' use of HomeVestors' name and the HomeVestors Marks is prohibited by post-termination agreements under the Franchise Agreement, as explained below.

33. Defendants' conduct also confuses and deceives consumers into believing that Defendants are affiliated with HomeVestors. Defendants' intent to confuse consumers (1) harms

HomeVestors' reputation, (2) misappropriates business opportunities and profits intended for HomeVestors and its franchisees, and (3) drives up advertising costs for HomeVestors.

34. Upon information and belief, there has been actual confusion as consumers have mistakenly believes that Defendants are still a HomeVestors franchisee and still affiliated with HomeVestors.

**E.     Defendants Have Willfully and Intentionally Infringed Upon HomeVestors' Intellectual Property.**

35. Defendants were made aware of the immediate termination of their Franchise Agreement through the October 2024 Termination Letter. *See* Ex. B, Termination Letter.

36. The Termination Letter informed Defendants of the following post-termination agreements under the Franchise Agreement:

> You must immediately cease to operate your HomeVestors businesses and not, directly or indirectly, represent to the public or hold yourself out as a present or former HomeVestors franchisee," and "must immediately cease to use HomeVestors' marks.
> . . .
> You must immediately cease to use HomeVestors' marks. All signage, advertising materials, stationery, contracts, forms and other articles displaying our marks must be immediately destroyed or returned to HomeVestors within thirty days.

*Id.* at 2. *See also* Ex. A, Franchise Agreement, at 38.

37. Defendants do not have a license to use the HomeVestors Marks. Defendants' actions have injured, and if permitted to continue, will irreparably injure HomeVestors, its franchisees, the HomeVestors Marks, the goodwill associated with them, and HomeVestors' reputation for quality services in the following ways:

(a)     Defendants have knowingly, willfully, and/or intentionally acted in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, authorization, or affiliation of Defendants' real estate services;

(b)     Defendants have deliberately interfered with and damaged, and will

        continue to damage HomeVestors' relationship with customers, potential customers, and users of HomeVestors' services and other products; and

    (c)    Defendants' actions have harmed HomeVestors' reputation and goodwill.

38.     HomeVestors has no adequate remedy at law for many of these injuries, and thus seeks injunctive relief to end the continuing wrongful acts of Defendants.

## CLAIMS FOR RELIEF

**A.**     **COUNT I: Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114**

39.     HomeVestors realleges and incorporates by reference the allegations set forth in all proceeding paragraphs.

40.     HomeVestors is the owner of valid and subsisting U.S. registrations for the HomeVestors Marks identified above and in Ex. C.

41.     Defendants' wrongful and unauthorized use in commerce of the HomeVestors Marks to promote, market or sell their real estate services constitutes trademark infringement under 15 U.S.C. § 1114, as it is likely to cause confusion, mistake or deception.

42.     Defendants' intentional and willful infringement of the HomeVestors Marks has caused, and will continue to cause, damage to HomeVestors, and is causing irreparable harm to HomeVestors for which there is no adequate remedy at law. Therefore, HomeVestors is entitled to injunctive relief against Defendants.

**B.**     **COUNT III: False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(c)**

43.     HomeVestors realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44.     HomeVestors is the owner of valid U.S. registrations for the HomeVestors Marks.

45. The HomeVestors Marks are distinctive marks that are associated with HomeVestors and exclusive identifies HomeVestors' business and services.

46. Defendants have used, and continue to use, in commerce one or more words, terms, names, symbols, devices, designs and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with HomeVestors and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendants, and thus false designation of origin and unfair competition with respect to the HomeVestors Mark, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

47. The actions of Defendants described above have at all times relevant to this action been willful and intentional.

48. As a result of Defendants' actions, HomeVestors has been damaged and will continue to be damaged.

C.     **COUNT V: Breach of Contract by Defendant C&C Residential Services**

49. HomeVestors realleges and incorporates by reference the allegations set forth in all proceeding paragraphs.

50. HomeVestors has performed all of its obligations under the Franchise Agreement, and all conditions precedent to Defendant C&C's performance have been performed, will be performed, or have been waived.

51. Defendant C&C has materially breached the agreement by failing to notify HomeVestors of claims against C&C and for failing to indemnify HomeVestors for lawsuits arising from C&C's alleged bad acts.

52. HomeVestors has been damaged and seeks all remedies to which it may be entitled, including (but not limited to) monetary damages, declaratory and injunctive relief, and attorneys' fees and costs.

## APPLICATION FOR PERMANENT INJUNCTION

53. HomeVestors realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54. Defendants, unless enjoined, will continue to misrepresent to or mislead the public into believing that their services are sponsored by, approved by, affiliated with, associated with, or originated by HomeVestors. Defendants will continue to infringe the HomeVestors Marks by using those marks or confusingly similar variations, to identify Defendants' competitive franchising and real estate services in violation of the Lanham Act.

55. These actions entitle HomeVestors to a permanent injunction, upon hearing, enjoining Defendants and their officers, agents, servants, employees, franchisees, and attorneys, and all persons in active concert or in participation with Defendants from:

(a) Representing Defendants' services are in any way sponsored by, approved by, affiliated with, or originated by HomeVestors;

(b) Using any of the HomeVestors Marks or any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name, name component, domain name or domain name component, source codes, trade dress, or to otherwise market, advertise, or identify Defendants' services; and

(c) Otherwise competing unfairly with HomeVestors or injuring its business reputation in any manner.

56. For these actions, there is no adequate remedy at law. HomeVestors is therefore entitled to permanent injunctive relief against Defendants.

## DEMAND FOR JURY TRIAL

57. HomeVestors demands a jury trial of all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief against Defendants including, but not limited to:

(1) In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants from the acts described in this Complaint;

(2) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all third parties to whom Defendants have represented an ownership, affiliation, association, or sponsorship with the HomeVestors Marks and to whom Defendants have distributed any type of materials incorporating the HomeVestors Marks;

(3) Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all other advertisements containing the HomeVestors Marks;

(4) In accordance with 15 U.S.C. § 1118, order all materials in Defendants possession or control bearing the HomeVestors Marks be surrendered for destruction, including Defendants' websites and social media accounts/postings;

(5) Actual damages, including attorney's fees and costs, for C&C's failure to indemnify HomeVestors losses under the Franchise Agreement;

(6) Award HomeVestors its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate;

(7) Order that Defendants must file with the Court and serve on HomeVestors' counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction; and

(8) Grant HomeVestors such other relief, at law or in equity, to which it is justly entitled.

Date:  May 2, 2025                               Respectfully submitted,

                                                 **HOLLAND & KNIGHT LLP**

                                                 */s/ Justin S. Cohen*
                                                 Justin S. Cohen
                                                 Texas Bar No. 24078356
                                                 justin.cohen@hklaw.com
                                                 Tricia R. DeLeon
                                                 Texas Bar No. 24005885
                                                 tricia.deleon@hklaw.com
                                                 Hunter W. Bezner
                                                 Texas Bar No. 24126371
                                                 hunter.bezner@hklaw.com
                                                 One Arts Plaza
                                                 1722 Routh Street, Suite 1500
                                                 Dallas, TX 75201
                                                 214-964-9500 (Telephone)
                                                 214-964-9501 (Facsimile)

                                                 **ATTORNEYS FOR PLAINTIFF,
                                                 HOMEVESTORS OF AMERICA, INC.**